IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| INDUCTIVE DESIGN, INC. § § Plaintiff, § § v. § § BROADCOM CORPORATION, § QUALCOMM INCORPORATED , CSR PLC, § CAMBRIDGE SILICON RADIO § INTERNATIONAL LLC, RF MICRO § DEVICES, INC. HEWLETT-PACKARD § COMPANY, DELL, INC., BUFFALO § TECHNOLOGY (USA), INC., TIVO, INC, § SYCHIP, INC. D/B/A MURATA WIRELESS § SOLUTIONS, and RESEARCH IN MOTION § CORPORATION § § Defendants. § | Civil Action No.: 11-421 Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Inductive Design, Inc. brings this action against Defendants Broadcom Corporation, Qualcomm Incorporated, CSR plc, Cambridge Silicon Radio International LLC, RF Micro Devices, Inc., Hewlett-Packard Company, Dell, Inc., Buffalo Technology (USA), Inc., TiVo, Inc., Sychip, Inc. d/b/a/ Murata Wireless Solutions, and Research in Motion Corporation (herein, collectively, "Defendants") and for its cause of action alleges:

### THE PARTIES

1. Inductive Design, Inc. is a corporation organized and existing under the laws of Delaware.

2. Upon information and belief, Broadcom Corporation is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 5300

California Avenue, Irvine, California 92617. Broadcom Corporation may be served with process by serving its registered agent, National Registered Agents, Inc. at 16055 Space Center Blvd., Suite 235, Houston, Texas 77062.

3. Upon information and belief, Qualcomm Incorporated is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 5775 Morehouse Drive, San Diego, California 92121. Qualcomm Incorporated may be served with process by serving its registered agent, The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

4. Upon information and belief, CSR plc is a corporation organized and existing under the laws of the United Kingdom, with its principal place of business in Texas at 2425 North Central Expressway, Suite 1000, Richardson, Texas 75080. Upon Information and belief, CSR plc also does business in Texas through its associated entity, Zoran Plano, which has its principal place of business in Texas at 2201 10th Street, Plano, Texas 75074. Upon information and belief, Cambridge Silicon Radio International LLC is a Delaware limited liability company, and is a wholly owned subsidiary of Defendant CSR plc. Cambridge Silicon Radio International LLC may be served with process by serving its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808. The Defendants CSR plc and Cambridge Silicon Radio International LLC will collectively be referenced as "CSR" throughout this Complaint.

5. Upon information and belief, RF Micro Devices, Inc. is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business at 7628 Thorndike Road, Greensboro, NC 274098-9421. RF Micro Devices, Inc. may be served

with process by serving its registered agent, Suzanne B. Rudy, 7628 Thorndike Road, Greensboro, NC  27409.

6. Upon information and belief, Hewlett-Packard Company is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3000 Hanover Street, Palo Alto, California  94304.  Hewlett-Packard Company may be served with process by serving its registered agent, CT Corp System, 350 N. Saint Paul Street, Suite 2900, Dallas, Texas  75201-4234.

7. Upon information and belief, Dell, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1 Dell Way, Round Rock, Texas  78682-7000.  Dell, Inc. may be served with process by serving its registered agent, Corporation Service Company D/B/A+, 211 E. 7th Street, Suite 620, Austin, Texas, 78701-3218.

8. Upon information and belief, Buffalo Technology (USA), Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 11100 Metric Boulevard, Suite 750, Austin, Texas  78758.  Buffalo Technology (USA), Inc. may be served with process by serving its registered agent, Takayuki Nishioka, 11100 Metric Boulevard, Suite 750, Austin, Texas  78758.

9. Upon information and belief, TiVo, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2160 Gold Street, Alviso, California  95002.  TiVo, Inc. may be served with process by serving its registered agent, Corporation Service Company, d/b/a CSC Lawyers Incorporated, 211 E. 7th Street, Suite 620, Austin, Texas  78701.

10. Upon information and belief, Sychip, Inc. d/b/a/ Murata Wireless Solutions is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2805 North Dallas Parkway, Suite 400, Plano, Texas 75093. Sychip, Inc. d/b/a/ Murata Wireless Solutions may be served with process by serving its registered agent, Corporation Service Company, d/b/a CSC Lawyers Incorporated, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

11. Upon information and belief, Research in Motion Corporation is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 122 W. John Carpenter Freeway, Suite 430, Irving, Texas 75039. Research in Motion Corporation may be served with process by serving its registered agent, CT Corporation at 350 N. Saint Paul Street, Suite 2900, Dallas, Texas 75201-4234.

## THE PATENTS

12. On February 12, 2002, United States Patent No. 6,346,861, entitled "Phase Locked Loop with High-Speed Locking Characteristic" was duly and legally issued ("the '861 patent"). A true and correct copy of the '861 patent is attached as Exhibit A.

13. On May 28, 2002, United States Patent No. 6,395,637, entitled "Method for Fabricating a Inductor of Low Parasitic Resistance and Capacitance" was duly and legally issued ("the '637 patent"). A true and correct copy of the '637 patent is attached as Exhibit B.

14. On December 9, 2003, United States Patent No. 6,661,325, entitled "Spiral Inductor Having Parallel-Branch Structure" was duly and legally issued ("the '325 patent"). A true and correct copy of the '325 patent is attached as Exhibit C.

15. Pursuant to 35 U.S.C. § 282, the '861, '637, and '325 patents are presumed valid.

16. Inductive Design, Inc., through an exclusive license agreement, is the owner of all substantial rights in the '861, '637, and '325 patents, including the exclusive right to grant sublicenses to the '861, '637, and '325 patents and to file lawsuits and seek damages for past, present, and future infringement of the '861, '637, and '325 patents against these Defendants.

## JURISDICTION AND VENUE

17. This action arises under the patent laws of the United States, Title 35 United States Code, particularly §§ 271 and 281. This Court has jurisdiction over the claim for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

18. Personal jurisdiction exists generally over each of the Defendants because each Defendant has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas. Personal jurisdiction exists specifically over each of the Defendants because each Defendant, directly or indirectly, itself or through subsidiaries or intermediaries, makes, uses, offers for sale, or sells products or services within the State of Texas and within the Eastern District of Texas, or makes or sells products that are sold or used within the State of Texas and within the Eastern District of Texas that infringe the patent-in-suit.

19. Venue is proper in this Court under Title 28 United States Code §§ 1391(b) and (c) and 1400(b).

## PATENT INFRINGEMENT COUNT

20. Broadcom Corporation, on information and belief, makes, uses, sells, or offers to sell products that infringe at least claim 1 of the '861 patent, including for example and without limitation the BCM2055KFBG Single Chip Radio, as well as any other devices that use similar technology as described and claimed in the '861 patent. Broadcom Corporation also contributes

to infringement and/or induces others to infringe the '861 patent through the incorporation of its BCM2055KFBG Single Chip Radio in products sold and used in the United States, such as the Hewlett-Packard Pavilion TX1000 Tablet PC, and DV9000 Notebook PC Express Laptop Wireless Card, the Dell 1505 PCI Express WLAN Mini Card, and the Buffalo WLI-CB-G300N wireless network card, and other products.

21. Broadcom Corporation, on information and belief, makes, uses, sells, or offers to sell products that infringe at least claim 14 of the '637 patent, including for example and without limitation the BCM2035KLG Single Chip Bluetooth, the BCM2055KFBG Single Chip Radio, the BCM8011KPF Gigabit Ethernet CMOS Transceiver, as well as any other devices that use similar technology as described and claimed in the '637 patent. Broadcom Corporation also contributes to infringement and/or induces others to infringe the '637 patent through the incorporation of its above-listed devices in products sold and used in the United States, such as the PalmOne Zire 72, the Hewlett-Packard Pavilion TX1000 Tablet PC, and DV9000 Notebook PC Express Laptop Wireless Card, Murata Bluetooth modules, the Dell 1505 PCI Express WLAN Mini Card, and the Buffalo WLI-CB-G300N wireless network card, and other products.

22. Broadcom Corporation, on information and belief, makes, uses, sells, or offers to sell products that infringe at least claim 1 of the '325 patent, including for example and without limitation the BCM3418KQTE Direct Conversion Cable Tuner, as well as any other devices that use similar technology as described and claimed in the '325 patent. Broadcom Corporation also contributes to infringement and/or induces others to infringe the '325 patent through the incorporation of its BCM3418KQTE Direct Conversion Cable Tuner in products sold and used in the United States, such as the TiVo HD XL chips, and any other products sold or used in the United States that contain this device.

23. Qualcomm Incorporated, on information and belief, makes, uses, sells, or offers to sell products that infringe at least claims 1, 2 and 5 of the '637 patent, including for example and without limitation the MXU6100 Transceiver, and at least claim 14 of the '637 patent, including for example and without limitation the RTR6285 RF Transceiver, as well as any other devices that use similar technology as described and claimed in the '637 patent. Qualcomm Incorporated also contributes to infringement and/or induces others to infringe the '637 patent through the incorporation of its above-listed devices in products sold and used in the United States, such as the BlackBerry Storm 9500, 9530, and 9630 models, and other products.

24. CSR, on information and belief, makes, uses, sells, or offers to sell products that infringe at least claim 14 of the '637 patent, including for example and without limitation the 41B14 BlueCore Transceiver, as well as any other devices that use similar technology as described and claimed in the '637 patent. CSR also contributes to infringement and/or induces others to infringe the '637 patent through the incorporation of its 41B14 BlueCore Transceiver in products sold and used in the United States, such as the BlackBerry Pearl 8120, 8130, and 8300 models, Murata Bluetooth modules, and other products.

25. RF Micro Devices, Inc., on information and belief, makes, uses, sells, or offers to sell products that infringe at least claim 14 of the '637 patent, including for example and without limitation the SIW3500GIF1 Single Chip Radio Processor IC, as well as any other devices that use similar technology as described and claimed in the '637 patent.

26. RF Micro Devices, Inc., on information and belief, makes, uses, sells, or offers to sell products that infringe at least claims 1 and 2 of the '325 patent, including for example and without limitation the SIW3500GIF1 Single Chip Radio Processor IC, as well as any other devices that use similar technology as described and claimed in the '325 patent.

27.     Hewlett-Packard Company, on information and belief, makes, uses, sells, or offers to sell products that infringe at least claim 1 of the '861 patent, including for example and without limitation the Pavilion TX1000 Tablet PC, and DV9000 Notebook PC Express Laptop Wireless Card, as well as any other products that use similar technology as described and claimed in the '861 patent.

28.     Hewlett-Packard Company, on information and belief, makes, uses, sells, or offers to sell products that infringe at least claim 14 of the '637 patent, including for example and without limitation the PalmOne Zire 72, the Hewlett-Packard Pavilion TX1000 Tablet PC, and DV9000 Notebook PC Express Laptop Wireless Card, as well as any other products that use similar technology as described and claimed in the '637 patent.

29.     Dell, Inc., on information and belief, makes, uses, sells, or offers to sell products that infringe at least claim 1 of the '861 patent, including for example and without limitation the 1505 PCI Express WLAN Mini Card, as well as any other products that use similar technology as described and claimed in the '861 patent.

30.     Dell, Inc., on information and belief, makes, uses, sells, or offers to sell products that infringe at least claim 14 of the '637 patent, including for example and without limitation the 1505 PCI Express WLAN Mini Card, as well as any other products that use similar technology as described and claimed in the '637 patent

31.     Buffalo Technology (USA), Inc., on information and belief, makes, uses, sells, or offers to sell products that infringe at least claim 1 of the '861 patent, including for example and without limitation the Buffalo WLI-CB-G300N wireless network card, as well as any other products that use similar technology as described and claimed in the '861 patent.

32. Buffalo Technology (USA), Inc., on information and belief, makes, uses, sells, or offers to sell products that infringe at least claim 14 of the '637 patent, including for example and without limitation the Buffalo WLI-CB-G300N wireless network card, as well as any other products that use similar technology as described and claimed in the '637 patent.

33. TiVo, Inc., on information and belief, makes, uses, sells, or offers to sell products that infringe at least claim 1 of the '325 patent, including for example and without limitation the TiVo HD XL chips, as well as any other products that use similar technology as described and claimed in the '325 patent.

34. Sychip, Inc. d/b/a/ Murata Wireless Solutions, on information and belief, makes, uses, sells, or offers to sell products that infringe at least claim 14 of the '637 patent, by incorporation the Murata Bluetooth modules that incorporate the Broadcom BCM2035KLG Single Chip Bluetooth device or the CSR 41B14 BlueCore Transceiver in its Murata Bluetooth modules, as well as any other products that use similar technology as described and claimed in the '637 patent.

35. Research in Motion Corporation, on information and belief, makes, uses, sells, or offers to sell products that infringe at least claims 1, 2, 5, and 14 of the '637 patent, including for example and without limitation the BlackBerry Storm 9500, 9530, and 9630 models and the BlackBerry Pearl 8120, 8130, and 8300 models, as well as any other products that use similar technology as described and claimed in the '637 patent.

36. By so making, using, selling, and/or offering to sell the aforementioned products, each of the Defendants named in this Complaint have been and continue to infringe, either literally or by equivalents, directly and/or by inducement and/or contribution, Inductive Design, Inc.'s rights in the '861, '637, and/or '325 patents.

37.     In addition to their infringement of the '861, '637, and/or '325 patents as described above, each of the Defendants named in this Complaint is liable by actively inducing direct infringement by distributors, retailers, and end-users who sell, offer for sale, purchase, and/or use the aforementioned products.

38.     The infringement of the '861, '637, and '325 patents alleged above has injured Inductive Design, Inc. and thus, it is entitled to recover damages adequate to compensate for Defendants' infringement, which in no event can be less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Inductive Design, Inc. prays for entry of judgment:

A.      That Defendants have infringed one or more claims of the '861, '637, and/or '325 patents.

B.      That Defendants account for and pay to Inductive Design, Inc. all damages caused by the infringement of the '861, '637, and '325 patents, which by statute can be no less than a reasonable royalty;

C.      That Inductive Design, Inc. be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringement of the '861, '637, and '325 patents;

D.      That Inductive Design, Inc. be granted its attorneys' fees in this action;

E.      That costs be awarded to Inductive Design, Inc.;

F.      That Inductive Design, Inc. be granted such other and further relief that is just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Inductive Design, Inc. demands a jury trial on all claims and issues so triable.

DATED:  September 6, 2011

                                            Respectfully submitted,

                                                 /s/ Matthew J.M. Prebeg
                                            Matthew J.M. Prebeg (Texas Bar No. 00791465)
                                            Stephen W. Abbott (Texas Bar No. 00795933)
                                            Christopher M. Faucett (Texas Bar No. 00795198)
                                            **CLEARMAN | PREBEG LLP**
                                            815 Walker Street, Suite 1040
                                            Houston, Texas  77002
                                            Telephone:     (713) 223-7070
                                            Facsimile:      (713) 223-7071
                                            Email:            mprebeg@clearmanprebeg.com
                                                                  sabbott@clearmanprebeg.com
                                                                  cfaucett@clearmanprebeg.com

                                            ***Attorneys for Plaintiff, Inductive Design, Inc.***